Filed 4/21/22  P. v. Devlin CA2/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B297848 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA039719) |
| v. | |
| PAUL DEVLIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Reversed and remanded.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.

————————————

In 2001, a jury convicted Paul Devlin of attempted murder, residential robbery, criminal threats, and unlawfully driving or taking a vehicle, and the trial court found he had committed two prior serious or violent felonies. He was sentenced to 50 years to life in prison. On February 13, 2019, Devlin filed a petition in the superior court for resentencing under Penal Code section 1170.95,[1] which offers resentencing to those convicted of murder under specified theories, and requested the appointment of counsel. The trial court summarily denied the petition without appointing counsel, finding Devlin was ineligible for relief because he had been convicted of attempted murder, not murder.

We affirmed the court's order.

After our decision, the Legislature passed and the Governor signed into law Senate Bill No. 775, which amended subdivision (a) of section 1170.95 to permit relief for certain petitioners convicted of "attempted murder under the natural and probable consequences doctrine," resolving an ongoing issue in the courts. (Sen. Bill No. 775 (2020-2021 Reg. Sess.) at § 2.) The amended section 1170.95, subdivision (a)(3), states that relief for individuals convicted of attempted murder may be available if they could not presently be convicted of murder or attempted murder because of changes that Senate Bill No. 1437 made to sections 188 and 189 in 2018. (Stats. 2018, ch. 1015, §§ 2-3.)

Where a section 1170.95 petitioner's jury was instructed on the natural and probable consequences theory of liability for attempted murder, but the trial court summarily denied the

---

[1] Undesignated statutory references will be to the Penal Code.

petition based on prior law, section 1170.95 now requires a reviewing court to reverse the judgment and remand the matter for further proceedings under subdivision (c).  (*People v. Montes* (2021) 71 Cal.App.5th 1001.)

Accordingly, on January 26, 2002, our Supreme Court, which had granted review of our opinion, transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551) and *People v. Lewis* (2021) 11 Cal.5th 952.  (*People v. Devlin* (Jan. 26, 2022, S263124) ___Cal.5th___ [2022 Cal. Lexis 339, at *1].)

Here, Respondent observes that the record does not reflect whether the jury was instructed on the faulty theory.  Absent such an indication, remand is proper.  (*Montes*, *supra*, 71 Cal.App.5th at p. 1007 ["where the record of conviction does not refute the claims of eligibility in the section 1170.95 petition, the petitioner has made a prima facie showing for relief"].)  Therefore, Respondent concedes, Devlin is entitled to further proceedings under section 1170.95, subdivision (c).

We agree, and therefore vacate our prior decision and remand the matter for further proceedings pursuant to subdivision (c) of section 1170.95.

## DISPOSITION

Our prior decision is vacated, the trial court's order is reversed, and the matter remanded for further proceedings.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

VOGEL, J.*

---

\* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.